STANDARD OIL COMPANY OF INDIANA, *v.* MASON, DRAINAGE COMMISSIONER, ET AL.

[No. 13,424. Filed November 14, 1929. Rehearing denied February 20, 1930. Transfer denied April 3, 1930.]

G. W. *Seybold* and *Walter R. Arnold,* for appellant.
*Joseph H. Iglehart* and *Pickens, Davidson, Gause, Gilliom & Pickens,* for appellees.

NICHOLS, J.—Action by appellant by which it seeks to assert its lien upon the fund raised for payment for the construction of a public drain constructed under the provisions of the Drainage Act of 1907, Acts 1907, ch. 252 (§6166 *et seq.* Burns 1926) said lien arising from the furnishing of materials used in the construction of the drain.

The cause was submitted to the court for trial, which resulted in a finding for appellees, holding that the claim of appellant was not a lien upon the fund raised for payment for the construction of the drain, on which finding, there was judgment for appellees. Appellant's motion for a new trial was overruled, and this appeal followed, the error assigned being the action of the court in overruling appellant's motion for a new trial.

The facts involved were stipulated, by which it appears that: The Walb Construction Company, of LaGrange, Indiana, entered into a contract under date of August 22, 1925, with Oliver L. Mason, commissioner in charge of the construction of the work of drainage known as "the William Metz Ditch," located in Gibson, Vanderburgh and Posey Counties, Indiana; the said Walb Construction Company was engaged in the construction of said ditch from August 1, 1927, to December 30, 1927, both days inclusive; there was used in said

construction two dredging machines propelled by steam engines, and two drag-line machines propelled by internal combustion engines, using gasoline as fuel; the Walb Construction Company purchased from appellant, during said period, gasoline, oils and greases to the total value of $3,487.01, which was the agreed contract price therefor; said gasoline, oils and greases were necessary in connection with the operation of the machines used as hereinbefore stipulated; all of said gasoline was sold for use as fuel in the aforesaid gasoline engines, and the said oils and greases were sold for lubricating the machinery of said dredging machines and drag lines; all of said gasoline, oils and greases were used for the purpose sold while said dredging machines and drag lines were engaged in excavating dirt from and along the course of the drainage project; the Walb Construction Company is indebted to appellant in the amount of $3,487.01 for such gasoline, oils and greases as were purchased, supplied and used as stipulated herein, and said indebtedness is now wholly due and unpaid; appellant duly filed with said drainage commissioner, within 60 days after the last material furnished, its duplicate, verified, itemized statements of said indebtedness on February 7, 1928, said statements showing the amount of $3,487.01, due and what same was for; concurrently therewith, appellant filed with said drainage commissioner a proper notice of such filing, a copy of which is set out; said commissioner of construction now has on hand and subject to his order, as the due and unpaid balance on the contract price of the said Metz drain, $23,011.53.

There followed a copy of the contract between the Walb Construction Company and the construction commissioner, the bond of the Walb Construction Company, on which appellee, the United States Fidelity and Guaranty Company, appears as surety, the order of the Gibson Circuit Court approving the assignment of the

said contract to the guaranty company, said order being dated February 10, 1928, and setting forth proceedings in the United States District Court for the District of Indiana relating thereto. We do not need to set out these writings in determining the questions raised by this appeal.

Appellant calls the attention of the court to an act of the Legislature of 1925, commonly known as "the Public Works Act," the same being ch. 24 of the acts of 1925, and being §§6121 to 6123, inclusive, Burns 1926, and then states that on this appellant bases its claim to a lien. It then quotes the act in full in its brief. Section 1 of the act provides that when any public building or other public work or improvement of any character whatsoever is being constructed, erected, altered or repaired under contract at the expense of the state, or at the expense of any county, city, town, township, school corporation or any other political subdivision or commission created by law, it shall be the duty of any such board, commission, trustee, officer or agent, acting on behalf of the state, county, city, town, township, school corporation or other political subdivision or commission created by law, to withhold final payment to the contractor until such contractor has paid to the subcontractor or subcontractors, materialmen for material furnished, labor employed in such construction, or those furnishing any service in relation thereto or in connection with such construction, erection, alteration or repair, all bills due and owing the same. But here, as appears by the stipulation above, the ditch or drain was not constructed at the expense of any one of the political subdivisions mentioned in the act, nor by any commission created by law. There was a commissioner of construction appointed by the court in which the drainage proceeding was pending, but such commissioner of construction is not mentioned in the act, nor does the act purport to

cover a public work under the supervision and direction of the circuit court. The expense of the ditch was not to be paid out of any general fund, but was to be paid out of a fund created by special assessment in a special proceeding. It is true that §2 of the act, speaking with reference to the bond to be filed, says that it shall include all road, highway, street, alley, bridge, sewer, drain or any other public improvements of any nature whatsoever, but such provision as to the bond cannot be held to modify the first section of the act which clearly applies to public improvements at the expense of the state, a political subdivision or commission created by law. For such improvements, the bond provided for in §2 is required, but not for a road, highway, bridge, sewer, drain or other public improvement, unless the same is being constructed at the expense of the state, a political subdivision, or of a commission created by law, nor can it be said that a duty is imposed on a drainage commissioner appointed by the circuit court when the act itself only mentions a board, commission, trustee, officer or agent acting on behalf of a political subdivision. It seems clear that no duty to pay appellant's claim under this act is imposed upon the commissioner for construction appointed by the circuit court.

Judgment affirmed.